## BROWN v. CAROLINA MIDLAND RY.

1. PLEADINGS — COMPLAINT — CAUSE OF ACTION — COMMUNICATED FIRES.—The allegations of the complaint that the defendant railroad company, *"whose depot was situated on its right of way,* allowed fire to remain in or so near said depot building, that *the same caught or took fire,"* and it was thereby communicated to property of the plaintiff, states a cause of action substantially in compliance with the requirements of the statute as to communicated fires.

2. RAILROADS—COMMUNICATED FIRES.—A railroad company is liable for damages resulting from a fire originating from heating a depot on its right of way.

3. IBID.—IBID.—CONSTITUTION.—Statutes as to communicated fires, as construed to apply to a fire communicated from a depot building heated for comfort of its agents (Code 1902, 2135), is not violative of art. XIV., sec. 1, of Amendments to Con. of U. S.; or art. I., sec. 5, of Con. of 1895; or art. I., sec. 12, of Con. of 1868.

4. PLEADINGS—COMPLAINT—EVIDENCE—COMMUNICATED FIRES.—Under an allegaton that a fire was communicated from a depot, it is competent to prove that the stove or heater in the depot was defective.

5. RAILROADS—RIGHT OF WAY—PAROL EVIDENCE.—Is it competent to show by parol that certain lands are the right of way of a railroad?

6. APPEAL.—JUDGMENT should not be reversed for error in admission of evidence where appellant afterwards introduces the kind of evidence it insists the respondent should have introduced.

7. RAILROADS—RIGHT OF WAY—COMMUNICATED FIRES.—The words "right of way," in the statute as to communicated fires, has no reference to the title of the railroad company, whether an easement or an estate, but only designates the locality from which a fire must originate, to make the company liable.

8. APPEAL.—This Court will not reverse a correct conclusion because based on erroneous reasons.

9. REHEARING.—Petition for rehearing withdrawn.

Before GAGE, J., Barnwell, November term, 1902. Affirmed.

Action by Jennie Brown against Carolina Midland Railway Co. From judgment for plaintiff, defendant appeals.

*Messrs. Robt. Aldrich, Izlar Bros.* and *Bellinger & Town-*

31—67

*send*, for appellant.   The latter cite: *Complaint states no
cause of action:* 41 S. C., 86; 30 Mo. App., 472; 38 S. C.,
103; 174 U. S., 96.   *A principle of law must be equally
applied to persons and railroad corporations alike:* 38 S. C.,
121; 174 U. S., 98; 18 A. & E. R. R. Cas., 78.

*Messrs. Davis & Best, R. C. Holman, J. C. Patterson* and
*W. A. Holman,* contra.   The three latter cite: *Act will not
be declared unconstitutional unless absolutely necessary:* 60
S. C., 153.   *Act in question constitutional:* 38 S. C., 103;
14 L. R. A., 579.   *Points not made or considered on Circuit
will not be considered here:* 25 S. C., 149; 28 S. C., 39;
30 S. C., 450.   *Pleadings must be liberally construed:* 56
S. C., 245; 29 S. C., 258.

The opinion in this case was filed on July 7, 1903, and
remittitur held up on petition for rehearing until

November 28, 1903.   The opinion of the Court was de-
livered by

MR. JUSTICE GARY.   The nature of this action being in
dispute, it will be necessary to refer to the complaint.

Paragraph I. of the complaint alleges the corporate ex-
istence of the defendant.

Paragraph II. alleges that as such corporation it owns
cars and engines, and operates its said railroad through the
county of Barnwell.

The other allegations of the complaint are as follows:

"3. That on or about the 9th day of January, A. D. 1899,
the plaintiff was the owner of valuable buildings, known
as the Brown Cotton and Manufacturing Company, * * *
in the aggregate value of $10,000.

"4. That on the night of the 10th or the early morning
of the 11th (about 1 o'clock A. M.) of January, A. D. 1899,
as hereinbefore alleged, the defendant corporation, whose
depot was situated on its right of way, near its line of road,
and the plaintiff's buildings and other property, as afore-

said, being situated *a like distance therefrom* (to wit: five or six feet), allowed fire to remain in or so near said depot building that the same caught or took fire, communicating same to plaintiff's buildings, as hereinbefore alleged, completely destroying them, together with the corn mill outfit, cylindrical cotton press outfit, cotton ginnery, gins, feeders, condensers, fans, shaftings, conveyers and pulleys. That said fire also destroyed the cotton, corn, cotton seed, cans and cases, engines and boilers, shaftings and pulleys, and each and every article as enumerated in the third paragraph of this complaint.

"5. That among other things it was the duty of the defendant company to retain a night watchman at and around said depot (at night), to prevent such conflagrations as herein complained of, which they failed (negligently) so to do.

"6. That said fire would not have occurred but for defendant's carelessness and negligence in allowing the same to remain in their stove or heater in said depot; and other fire to remain near or about said depot; and the plaintiff further charges that said defendant allowed a box car to stand between their depot and plaintiff's buildings in a dangerous condition, to wit: a hot box being thereto attached; all of which facts were well known, or should have been known, to said defendant, and, by reason of the aforesaid facts, the defendant has damaged the plaintiff ($10,000) ten thousand dollars."

The answer of the defendant denied the allegations of the complaint, and set up the defense of contributory negligence.

The jury rendered a verdict in favor of the plaintiff.

The defendant appealed upon exceptions which will be considered in their regular order.

The first exception is as follows: "1. That his Honor, the Circuit Judge, erred in holding that the amended complaint stated a cause of action under the statute (General Statutes of 1882, sec 1511; Revised Statutes of 1893, sec.

1688; Code of Laws of 1902, sec. 2135). (a) In that the said complaint does not allege that the fire originated within the limits of the right of way of the defendant corporation. The allegations merely being that the defendant 'allowed fire to remain in or near (its) depot building.' (b) In that said complaint does not allege that the fire 'originated in consequence of the act of any of the defendant's authorized agents or employees.' (c) In that the statute does not render railroad corporations liable, without regard to negligence, for fires originating in depot buildings situate on their right of way, from fire allowed to remain therein, unless such fire was used in such building for a purpose peculiar to the business of a railroad, and other than for ordinary heating purposes. (d) In that the said complaint does not allege that fire was allowed to remain within the limits of the right of way other than in the depot building which was situate thereon, and in holding that under the statute, a cause of action is stated by the allegation that defendant allowed fire to remain in a depot building, on its right of way, which became communicated to plaintiff's buildings, his Honor, the Circuit Judge, deprived the defendant of the equal protection of the laws, and held it to an unconditional liability for the use of property in a manner similar or identical with such use by other persons, without regard to negligence or care, in violation of sec. 1, of art. XIV., of amendments to the Constitution of the United States, and of sec. 5, of art. I., of the Constitution of this State, and of sec. 12, of art. I., of the Constitution of 1868. (e) In that the construction placed by the Circuit Judge on the statute deprives the defendant of equal protection under the laws, and subjects them to an unconditional liability, without regard to negligence or care, for the use of property in a manner similar or identical with such use by other persons, and subjects defendant to other restraints in regard to their use of their property than such as are laid upon others under like circumstances, in violation of sec. 1, of art. XIV., of amendment to the Constitution of the

United States, and of sec. 5, of art. I., of the Constitution of this State, and of sec. 12, of art. I., of the Constitution of 1868; whereas, such statute should have been construed in conformity with said provisions of the United States Constitution, and of the Constitution of this State, to apply only to fires 'communicated by its locomotive engine, or originating within the limits of the right of way of said road, in consequence of the act of any of its authorized agents or employees' in the use of fire, for the purposes peculiar to a railroad."

The first assignment of error on the part of his Honor, the Circuit Judge, in ruling that the complaint stated a cause of action under the statute, is set out in "(a)." The statute is as follows: Code of Laws, sec. 2135. "Every railroad corporation shall be responsible in damage to any person or corporation whose buildings or other property may be injured by fire communicated by its locomotive engines, or originating within the limits of the right of way of said road in consequence of the act of any of its authorized agents or employees, except in any case where property shall have been placed on the right of way of such corporation unlawfully or without its consent, and shall have an insurable interest in the property upon its route for which it may be so held responsible and may procure insurance thereon in its own behalf." The right to bring an action at common law founded upon negligence, was not superseded by the statute. *Hunter* v. *R. R.,* 41 S. C., 90, 19 S. E., 646; *Dent* v. *R. R.,* 61 S. C., 329, 39 S. E., 527. The allegations appropriate to an action under the statutes are set out in the 4th paragraph of the complaint, and those appropriate to an action at common law are alleged in the 6th paragraph. It is true, the complaint does not follow the exact language of the statute, but it does not allege that the defendant, *whose depot was situated on its right of way,* allowed fire to remain in or so near said depot building, *that the same caught or took fire·* The allegations of the com-

plaint were in this respect a substantial compliance with the requirements of the statute.

The second assignment of error will be found in "(b)." While again, the complaint does not use the very words of the statute, it nevertheless alleges that the fire originated in consequence of the act of the *defendant,* and this is equivalent to alleging that the fire "originated in consequence of the act of any of the defendant's authorized agents or employees." The act of an authorized agent or employee is the act of the principal, *qui facit per alium facit per se.*

The third assignment of error is contained in "(c)." In the first place, the statute makes no such exception as that for which the appellant contends, and very properly so, for the use of a depot building on the right of way is as strictly a purpose peculiar to t he business of a railroad, as the locomotive that draws its cars. Furthermore, the heating of a depot building may be as necessary for the health and comfort of those working within the building as the heating of a passenger car for those traveling on the train. It may properly be said that both are railroad purposes. A depot building and its proper equipment are incidental and essential to the orderly operation of a railroad.

The other assignments of error are in "(d)" and "(e)." We do not regard the constitutionality of this statute as an open question, either in this State or under the decisions of the United States Supreme Court. *McCandless* v. *R. R.,* 38 S. C., 103, 16 S. E., 429 ; *St. Louis & S. F. Ry. Co.* v. *Matthews,* 17 Sup. Ct. Rep., 243, in which this question is ably and elaborately discussed. This last case cites the case of *McCandless* v. *R. R.,* 38 S. C., 103, and the case of *St. Louis & S. F. Ry. Co.* v. *Matthews,* 17 Sup. Ct. Rep., 243, is cited with approval in *Atchison, T. & S. F. R. R. Co.* v. *Matthews,* 19 Sup. Ct. Rep., 609.

The second exception is as follows: "2. That his Honor, the Circuit Judge, erred in admitting testimony to show that the stove or heater, or flues leading therefrom, were

defective; no such defect being alleged in the complaint." The complaint alleged that the "fire was communicated," but does not set forth in what manner. The testimony was explanatory of this fact, and was responsive to the allegation of the complaint.

The third exception is as follows: "3. That the plaintiff having specifically alleged in the sixth paragraph of the complaint, 'that the fire would not have occurred but for defendant's allowing (1) fire to remain in the stove or heater in said depot; and (2) other fire to remain near or about said depot, and (3) a box car to stand between the depot and plaintiff's buildings, in a dangerous condition, to wit: a hot box being thereto attached;' he confined the issue as to the origin of the fire to the three facts alleged, and the Circuit Judge erred in admitting testimony to show that the stove or heater was defective, or left in a defective condition, such defect not being alleged in the pleading." In the first place, these specifications of negligence are only appropriate to an action at common law. And in the second place, this exception is disposed of by what was said in considering the second exception.

The fourth exception is as follows: "4. That his Honor, the Circuit Judge, erred in admitting parol testimony to show that the lands on which the fire occurred was a right of way of defendant's company; inasmuch as the best evidence of right of way is the record evidence of same." After a lengthy discussion of this question, the presiding Judge concluded as follows: "The Court: I think, in a case like this, where the railroad company is defendant, and the allegation is that the fire occurred on the right of way, that it is competent to prove the distance of the building from the track, the manner in which the building was used, and every other relationship of it to the railroad company, and leave it to the jury to say whether or not it is on the right of way. Mr. Aldrich: Your Honor rules he can prove orally the right of way? The Court: I will define to the jury what a right of way is, and leave them to say

whether or not this place, called a right of way, is a right
of way. He can prove all the circumstances in connection
with the use of·the depot, its location, &c." In this we see
no error.

But apart from this, the defendant afterwards introduced
in evidence the deed of the plaintiff conveying the right of
way to the defendant. In the case of *Taylor* v. *Dominick,*
36 S. C., 368, 15 S. E., 591, the Court ruled, that it
"is not sufficient ground to reverse the judgment,
when it appears that the testimony, though errone-
ously ruled out at one stage of the trial, was, in fact, received
and went before the jury." For a stronger reason, the judg-
ment should not be reversed, when the defendant furnishes
the kind of testimony which it insisted should have been
introduced by the plaintiff, especially as the plaintiff did not
dispute the accuracy of the description mentioned in the
deed.

The fifth exception is as follows: "5. That his Honor, the
Circuit Judge, erred in admitting parol testimony as to the
limits of the defendant's right of way, in order to show that
the fire originated within such limits." This exception is
disposed of by what was said in considering the fourth ex-
ception.

The sixth exception is as follows: "6. That his Honor,
the Circuit Judge, erred in construing the deed by which
Mrs. Brown conveyed the right of way to the railroad com-
pany (exhibit 'C') in his charge to the jury; in which he
gave no effect to, but ignored the portion of said deed con-
veying the land on which the depot was situated; whereas,
he should have construed said deed to exclude said lands on
which the depot was situated from the limits of the right of
way." The use of the words "right of way," in this stat-
ute, has no reference to the title of the railroad company—
whether having a mere easement or a greater estate—but
they were intended to designate the locality within which the
corporation would be liable under the statute.

The seventh exception is as follows: "7. That his Honor,

the Circuit Judge, erred in refusing to charge, as requested by the defendant, 'that if the jury find from the evidence that the fire originated in the depot building, mentioned in the complaint, then the statute cannot apply, whether such building be on the right of way or not, and the defendant cannot recover without proving negligence.' Inasmuch as the statute (General Statutes, 1511, Revised Statutes, 1688, Code of Laws, 1902, 2135,) cannot be construed to apply to fires originating in buildings on the right of way, without denying to the defendant corporation the equal protection of the laws guaranteed it by sec. 1, of art. XIV., of amendments to the Constitution of the United States, and by sec. 5, of art. I., of the Constitution of this State, and by sec. 12, of art. I., of the Constitution of 1868; and where a statute can be given construction consistent with the Constitution of the United States and of the State, it should not be so construed as to conflict with either of them." This question has already been discussed.

The eighth exception is as follows: "8. That his Honor, the Circuit Judge, erred in refusing to charge, as requested by the defendant, 'that if the jury find that the fire originated in a building, then whether such building be on the right of way or not, the liability of the defendant for damages to the property of others to which the fire might extend, is no greater than the liability of any other person owning or occupying the building, situate otherwise, in which a fire originates under similar circumstances,' in that he thereby gave the statute (General Statutes, 1511, Revised Statutes, 1688, Code of Laws, 2135,) a construction inconsistent with, and in violation of, sec. 1, of art. XIV., of amendments to the Constitution of the United States, sec. 5, of art. I., of the Constitution of this State, and sec. 12, of art. I., of the Constitution of 1868, guaranteeing the defendants equal protection under the laws." This question has likewise been considered.

The ninth exception is as follows: "9. That his Honor, the presiding Judge, erred in holding, and charging the jury,

that the language of the statute (General Statutes, 1511, Revised Statutes, 1688, Code of Laws, 2135,) is broad enough to cover fires originating in the buildings of a railroad company; inasmuch as such construction of the statute subjects railroad corporations to other restraints in regard to personal rights than such as are laid upon other persons under like circumstances; and impose a burden upon railroad companies, which is not imposed upon other persons owning houses, in violation of sec. 1, of art. XIV., of amendments to the Constitution of the United States, sec. 5, of art. I., of the Constitution of this State, and sec. 12, of art. I., of the Constitution of 1868, securing to the defendant equal protection under the laws." This question has also been disposed of.

The tenth exception is as follows: "10. That his Honor, the Circuit Judge, having no doubt that the legislature, when it passed the act in question, never contemplated a case like this, erred in holding that the language of the act is broad enough to cover a case like this; inasmuch as the intention of the legislature should govern in the construction of the act." When a Circuit Judge errs as to his power to decide a question, his ruling will be reversed. *State* v. *David*, 14 S. C., 428. The rule in cases where his conclusion is correct, but his reason erroneous, is thus stated in *Taylor* v. *Dominick,* 36 S. C., 368, 15 S. E., 591: "It is well settled that this Court confines itself to a consideration of the question determined by the Court below, without regard to the correctness of the reasons which may be given for the conclusion that may there be reached, and that if the conclusion reached is correct, the fact that erroneous reasons are given for such conclusion, will not warrant this Court in reversing the judgment appealed from."

The eleventh exception is as follows: "11. That his Honor, the Circuit Judge, erred in not passing on the constitutional question, as to the constitutionality of the statute (General Statutes, 1511, Revised Statutes, 1688, Code of Laws, 2135), under his construction that it

applies to fires originating in the building of a railroad company, and thereby imposes a burden upon a railroad company owning houses, which it does not impose upon other people owning houses. Such construction being clearly in violation of sec. 1, of art. XIV., of amendments to the Constitution of the United States, of sec. 5, of art. I., of the Constitution of this State, and of sec. 12, of art I., of the Constitution of 1868." We have already considered the constitutional question which his Honor declined to consider just as if he had ruled upon it adversely to the defendant.

The twelfth exception is as follows: "12. That his Honor, the Circuit Judge, having concluded, and held, that the statute (General Statutes, 1511, Revised Statutes, 1688, Code of Laws, 2135,) imposed a burden upon railroad companies owning houses, not imposed on other persons owning houses, erred in not concluding that this was a denial to the defendant railroad company of the equal protection of the law, in violation of the Constitutions of the United States and of this State." This question is disposed of by what was said in considering other exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

The petition for a rehearing in this case having been withdrawn, it is ordered, that the order heretofore granted staying the remittitur be revoked.